


x - SEND   ORIGINAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 07-4595-DSF(SHx) |
| Plaintiff, | STANDING ORDER FOR CASES ASSIGNED TO JUDGE DALE S. FISCHER |
| v. | |
| DEANNA MANNING, | |
| Defendant. | |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.** COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY SERVE THIS ORDER ON ALL PARTIES, INCLUDING ANY NEW PARTIES TO THE ACTION. IF THIS CASE WAS REMOVED FROM STATE COURT, THE DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.

This case has been assigned to the calendar of Judge Dale S. Fischer.

Both the Court and counsel bear responsibility for the progress of litigation in federal court. To "secure the just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, all counsel are ordered to become familiar with the Federal

revised 5/8/06

Rules of Civil Procedure ("Rule __") and the Local Rules of the Central District of California ("Local Rule __").

IT IS ORDERED:

**1. Service of the Complaint**

The plaintiff shall promptly serve the complaint in accordance with Rule 4 and file the proofs of service pursuant to Local Rule 5-3.1. Although Rule 4(m) does not require the summons and complaint to be served for 120 days, the Court expects service much sooner. The Court will require plaintiffs to show good cause to extend the service deadline beyond 120 days.

**2. Presence of Lead Counsel**

Lead trial counsel shall attend any proceeding before this Court, including all scheduling, status and settlement conferences. Unless lead counsel's absence is excused for good cause in advance of the hearing, or is due to an emergency that prevented prior notice, the Court reserves the right to designate the attorney handling any proceeding as lead counsel.

**3. Documents Filed With the Court**

**Typeface shall comply with Local Rule 11-3.1.1. If Times New Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12.** Footnotes shall be in typeface no less than one size smaller than text size and shall be used sparingly.

Filings that do not conform to the Local Rules and this Order will not be considered.

**4. Discovery and Discovery Cut-off**

a. <u>Compliance with Rule 26(a)</u>: Unless it is likely that the Court would, on motion of a party, order that any or all discovery is premature, counsel should begin actively to conduct discovery before the scheduling conference. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and obtain and produce most of what would otherwise be produced in the early stages of discovery.

At the scheduling conference the Court will impose tight deadlines for completion of discovery.

    b. <u>Discovery Motions</u>: Counsel are expected to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner. All discovery matters have been referred to the assigned magistrate judge, who will hear all discovery disputes. (The magistrate judge's initials follow the district judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the magistrate judge's courtroom deputy clerk to schedule matters for hearing. Counsel should not deliver courtesy copies of these documents to this Court.

    In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the magistrate judge, including one imposing sanctions, unless it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

    Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within ten days of service of a written ruling or within ten days of an oral ruling that the magistrate judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the magistrate judge's courtroom deputy clerk at the time of filing.

**5. Proposed Protective Orders and Filings Under Seal**

    Protective orders pertaining to discovery must be submitted to the assigned magistrate judge. Proposed protective orders should not purport to allow, without further order of court, the filing under seal of pleadings or documents filed in connection with a hearing or trial before Judge Fischer. The existence of a protective

order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

An application to file documents under seal must meet the requirements of Local Rule 79-5. Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file both a complete version of the pleadings and documents under seal, and a redacted version for public viewing, omitting only such portions as the Court has ordered may be filed under seal.

There is a strong presumption of access in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information sought to be filed under seal, the party seeking protection must identify and discuss the factual or legal justification for the Court to find good cause that such document or type of information should be protected. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).

### 6. Motions - General Requirements

a. <u>Time for Filing and Hearing Motions</u>: Motions shall be filed in accordance with Local Rule 7. This Court hears motions on Mondays, beginning at 1:30 p.m. If Monday is a national holiday, motions will be heard on the next Monday. If the motion date selected is not available, the Court will issue a minute order continuing the date. Opposition or reply papers due on a holiday must be filed the preceding Friday - not the following Tuesday, and must be hand-delivered or faxed to opposing counsel on that Friday. Professional courtesy dictates that moving parties should, whenever possible, avoid filing motions for which opposition papers will be due the Friday preceding a holiday. Such a filing is likely to cause a requested continuance to be granted.

Adherence to the timing requirements is mandatory for Chambers' preparation of motion matters.

b. <u>Pre-filing Requirement</u>: Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The *pro per* status of one or more parties does not negate this requirement.

c. <u>Length and Format of Motion Papers</u>: Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be in a separately bound and tabbed pleading and include a Table of Contents. If such evidence exceeds 200 pages, the Court's courtesy copy of such evidence shall be placed in a Slant D-Ring binder, including a Table of Contents, with each item of evidence separated by a tab divider on the right side. All documents contained in the binder must be three-hole punched with the oversized 13/32' hole size, not the standard 9/32' hole size.

d. <u>Citations to Case Law</u>: Citations to case law must identify not only the case cited, but the specific page referenced.

e. <u>Citations to Other Sources</u>: Statutory references should identify with specificity the sections and subsections referenced (*e.g.*, Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references that do not specifically indicate the appropriate section and subsection (*e.g.*, Plaintiffs allege

revised 5/8/06                                                    5

conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, et seq.) are to be avoided. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

f. <u>Oral Argument</u>: If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance.

g. <u>Calendar Conflicts</u>: Counsel are to inform opposing counsel and the courtroom deputy clerk as soon as a potential calendar conflict is discovered. Counsel should attempt to agree on a proposed date to accommodate the calendar conflict and the schedules of the counsel and the Court.

h. <u>Telephone Inquiries</u>: Telephone inquiries regarding the status of a motion, stipulation, or proposed order will receive no response. Counsel may register for Pacer access to monitor the Court's database. *See* www.cacd.uscourts.gov>General Information>Pacer Access. Counsel are referred to the Court's website at www.cacd.uscourts.gov>Judges' Procedures and Schedules> Hon. Dale S. Fischer for further information regarding procedures and preferences.

7. **Specific Motion Requirements**

a. <u>Motions Pursuant to Rule 12</u>: Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required under Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. *See St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981); *Nolen v. Fitzharris*, 450 F.2d 958, 958-59 (9th Cir. 1971). Even after a complaint has been amended or a responsive pleading has been served,

the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances the moving party should agree to any amendment that would cure the defect.

In the unlikely event that motions under Rule 12 are filed after the scheduling conference, the moving party shall attach a copy of the challenged pleading to the memorandum of points and authorities in support of the motion.

These provisions apply as well to motions to dismiss a counterclaim, answer, or affirmative defense.

b. <u>Motions to Amend</u>: In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) state the page and line number(s) and wording of any proposed change or addition of material.

The parties shall deliver to Chambers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.

c. <u>Motions for Summary Judgment:</u> Parties should not wait until the motion cut-off to bring motions for summary judgment or partial summary judgment. The Court expects that the moving party will provide substantially more than the required 21-days written notice. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the Court (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rule 56-1 through 56-4.

1. <u>Separate Statement of Uncontroverted Facts and Conclusions of Law</u>: The separate statement shall be prepared in a two-column format. The left-

hand column sets forth -- in sequentially-numbered paragraphs -- the allegedly undisputed fact. The right-hand column sets forth the evidence that supports that fact. Each paragraph should contain a narrowly focused statement of fact addressing a single subject as concisely as possible. **The moving, opposing, and reply papers should refer to the numbered paragraphs in the separate statement, rather than the underlying evidence.** The moving party should deliver to Chambers, at the time the **motion** is filed, a diskette in WordPerfect format (compatible with 9.0 or higher), containing the facts contained in the left-hand column only of the separate statement of uncontroverted facts.

      2.  <u>Statement of Genuine Issues</u>: The opposing party's statement of genuine issues must be in two columns. The left-hand column must restate the allegedly undisputed fact and track the moving party's separate statement exactly as filed. The right-hand column must state whether the fact is undisputed or disputed. The opposing party may dispute all or only a portion of the statement of fact. If disputing only a portion, the statement of genuine issues must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. The opposing party should not avoid admitting an undisputed fact by avoiding the issue. Only good faith disputes should be included. The Court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe what in that exhibit or evidence refutes the asserted fact. No legal argument should be set forth in this document. The opposing papers should refer to the numbered paragraphs in the separate statement, rather than the underlying evidence.

      The opposing party may also submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially-numbered paragraphs and shall set forth in the right-

hand column the evidence that supports that statement. If the additional facts consist of more than two pages of text, the opposing party should deliver to Chambers, at the time the opposition is filed, a diskette in WordPerfect format (compatible with 9.0 or higher), containing additional facts.

       3.  <u>Supporting Evidence</u>: No party should submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements should not be submitted in support of or opposition to a motion for summary judgment. The Court will not consider such material.

       Evidence submitted in support of or opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity. The pleadings should refer to the exhibits by exhibit number only, or by exhibit number and title of document -- not merely by the title of the document. For example, if Exhibit 1 is the License Agreement, the papers should refer to "Exhibit 1," or "the License Agreement attached as Exhibit 1," not "the License Agreement."

       4.  <u>Objections to Evidence</u>: If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement, but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief. This memorandum should be organized to track the paragraph numbers of the separate statement and statement of genuine issues in numerical sequence. It should identify the specific item of evidence to which

objection is made, and a brief argument with citation to authority as to why the objection is well-taken. The following is the suggested format:

> Separate Statement Paragraph 1: Objection to the supporting deposition transcript of Jane Doe at 1:1-10 on the grounds that the statement constitutes inadmissable hearsay to which no exception applies. To the extent it is offered to prove her state of mind, it is irrelevant because her state of mind is not in issue. Fed. R. Evid. 801, 802.

**Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact. They will be overruled and disregarded.**

*N.B.* <u>**PLEADINGS THAT FAIL TO COMPLY WITH THE ABOVE FORMAT MAY NOT BE CONSIDERED.**</u>

### 8. Proposed Orders

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. If the Proposed Order exceeds two pages, the proposing party shall also submit the document on a diskette in WordPerfect format (compatible with 9.0 or higher).

### 9. Telephonic Hearings

The Court believes it is extremely useful for counsel to appear personally at motions, scheduling conferences, etc. Therefore, it is unlikely that the Court would agree to conduct such matters by telephone in the absence of an emergency, illness, etc. preventing counsel from appearing in person. If an emergency occurs, counsel shall attempt to contact all involved parties to advise of the situation. The attorney requesting the telephonic hearing must contact the courtroom deputy clerk at the earliest possible time before the date scheduled for the motion or conference to seek the Court's permission to appear by telephone and to make the necessary arrangements. The Court may choose instead to continue the hearing.

## 10. Ex Parte Applications

Ex parte applications are solely for extraordinary relief and are rarely justified. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Applications must be filed in the Clerk's Office. Applications that fail to conform to Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered. In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the opposing party by facsimile transmission or personal service and shall notify the opposition that opposing papers must be filed no later than twenty-four hours (or one court day) following such facsimile or personal service. If opposing counsel does not intend to oppose the ex parte application, counsel must advise the courtroom deputy clerk by telephone. A conformed courtesy copy of moving, opposition, or notice of non-opposition papers are to be hand-delivered to the courtesy tray outside the entrance to Judge Fischer's Chambers. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. The courtroom deputy clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary. Sanctions may be imposed for misuse of ex parte applications.

## 11. Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Date

No stipulation extending the time to file any required document or to continue any date is effective until and unless the Court approves it, or unless the Federal Rules of Civil Procedure provide for an automatic extension. Both applications and stipulations must set forth:

a. The existing due date or hearing date, the discovery cut-off date, the last day for hearing motions, the pretrial conference date and trial date;

b. Specific reasons (contained in a detailed declaration) supporting good cause for granting the extension or continuance. (A statement that an extension "will

promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing settlement negotiations.);

    c. Whether there have been prior requests for extensions, and whether these requests were granted or denied by the Court; and

    d. A description of the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied.

The request must be made before the date to be continued. The Court grants continuances only on a showing of good cause. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.

## 12. TROs and Injunctions

Parties seeking emergency or provisional relief shall comply with Rule 65 and Local Rule 65. The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served, unless service is excused. Such party may file opposing or responding papers in the interim.

## 13. Cases Removed From State Court

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be refiled in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). If the defendant has not yet answered or moved, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District. If, before the case was removed, a motion was pending in state court, it must be re-noticed in accordance with Local Rule 7.

If an action removed to this Court contains a "form pleading" *i.e.* a pleading in which boxes are checked, the party or parties that filed the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the notice of

removal. This pleading must comply with the requirements of Rules 7, 7.1, 8, 9, 10, and 11.

### 14. Status of Fictitiously Named Defendants

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint. *See* 28 U.S.C. §§ 1441(a) and 1447.

   a. Plaintiff shall ascertain the identity of and serve any fictitiously named defendants before the date of the Rule 16(b) scheduling conference. The Court generally will dismiss Doe defendants on the date of the scheduling conference, as they prevent the Court from accurately tracking its cases.

   b. If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within that period, a request to extend the time must be made at the scheduling conference. Counsel should be prepared to state the reasons why fictitiously named defendants have not been identified and served.

   c. If a plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply *ex parte* requesting an amendment, with notice to all appearing parties. Each party shall have seven calendar days to respond. The *ex parte* application and any response should comment on whether the matter should thereafter be remanded to the superior court if diversity of citizenship is destroyed by the addition of the newly substituted party. *See* 28 U.S.C. §1447(c) and (e).

### 15. ERISA Cases Concerning Benefit Claims

The Court will hear motions to determine the standard of review and the scope of the administrative record. There will be a court trial (usually confined to oral argument) on the administrative record. Counsel filing motions for summary judgment or partial summary judgment on any other issue must distinguish *Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) in the moving papers and explain why summary judgment is not precluded.

### 16. Bankruptcy Appeals

Counsel shall comply with the NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court. The Court will determine whether oral argument will be held.

### 17. Communications with Chambers

Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other *ex parte* means. Counsel may contact the **courtroom deputy clerk** with **appropriate** inquiries. To facilitate communication with the courtroom deputy clerk, counsel should list their e-mail addresses and facsimile transmission numbers along with their telephone numbers on all papers.

### 18. Parties Appearing *in Propria Persona*

*Pro per* litigants are required to comply with all local rules, including Local Rule 16. In this Order, the term "counsel" includes parties appearing *in propria persona*. Only individuals may represent themselves.

### 19. Courtesy Copies

A conformed courtesy copy (clearly marked "courtesy copy") of all documents filed or lodged with the Court shall be delivered to the courtesy tray outside the entrance to Judge Fischer's Chambers. For security reasons, documents should be removed from envelopes.

revised 5/8/06                    14

### 20. Compliance with Local Rules and Standing Orders

At all stages of the proceedings, the parties and counsel are expected to comply with the Local Rules and this Court's standing orders. Before the scheduling conference counsel shall review the Central District's Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information> Attorney Admissions"). Counsel are expected to adhere to this standard of conduct. Counsel are required to advise their clients of the terms of this Order.

**CAVEAT: IF COUNSEL FAIL TO FILE THE REQUIRED JOINT RULE 26(f) REPORT, OR THE REQUIRED PRETRIAL DOCUMENTS, OR IF COUNSEL FAIL TO APPEAR AT THE SCHEDULING CONFERENCE, THE PRETRIAL CONFERENCE OR ANY OTHER PROCEEDING SCHEDULED BY THE COURT, AND SUCH FAILURE IS NOT SATISFACTORILY EXPLAINED TO THE COURT: (1) THE CAUSE SHALL STAND DISMISSED FOR FAILURE TO PROSECUTE, IF SUCH FAILURE OCCURS ON THE PART OF THE PLAINTIFF; (2) DEFAULT JUDGMENT SHALL BE ENTERED IF SUCH FAILURE OCCURS ON THE PART OF THE DEFENDANT; OR (3) THE COURT MAY TAKE SUCH ACTION AS IT DEEMS APPROPRIATE.**

Dated: 7-20-07

_____
DALE S. FISCHER
United States District Judge

revised 5/8/06

15