1
2
3
4
5
6
7
8   UNITED STATES DISTRICT COURT
9   CENTRAL DISTRICT OF CALIFORNIA
10  UNITED STATES OF AMERICA,    ) CASE NO. CV 07-4595 DSF (SHx)
11                               ) **ORDER RE JURY TRIAL**
12                               ) **I.   ORDER RE DEADLINES:**
13              Plaintiff,       ) A. Adding Parties or Amending
                                 )    Pleadings: n/a;
14  vs.                          )
                                 ) B. Discovery Cut-off: 1/7/08;
15                               )
                                 ) C. Expert Witness Exchange Deadline:
16  DEANNA MANNING,              )    Initial:        n/a ;
                                 )    Rebuttal:       n/a ;
17                               )    Cut-off:        n/a ;
                                 )
18              Defendant.       ) D. Motion Hearing Cut-off:
                                 )    n/a;
19  ─────────────────────────────)
                                   E. Settlement Conference Cut-off:
20                                    n/a;

21                                 F. Final Pretrial Conference:
                                      1/7/08 at 3:00 p.m.;
22
                                   G. Trial Date: 2/5/08 at 8:00 a.m.
23                                    (2 day estimate)

24                                 **II.   ORDER RE TRIAL**
                                   **       PREPARATION**
25
                                   **III.  ORDER GOVERNING**
26                                 **       CONDUCT OF ATTORNEYS**
                                   **       AND PARTIES**
27
28
    revised 12-6-06

# I
## **DEADLINES**

A.    PARTIES/PLEADINGS

The Court has established a cut-off date for adding parties or amending pleadings.  All motions to add parties or to amend the pleadings must be noticed, and must be <u>heard</u> on or before the cut-off date.  All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-7.1.

B.    DISCOVERY AND DISCOVERY CUT-OFF

1. <u>Discovery Cut-off</u>:  The Court has established a cut-off date for discovery, including expert discovery, if applicable.  This is not the date by which discovery requests must be served; it is the date by which all discovery, <u>including all hearings on any related motions</u>, is to be completed.

2. <u>Discovery Disputes</u>:  Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery.  Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner.  The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information> Attorney Admissions").

3. <u>Discovery Motions</u>:  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

4. <u>Depositions</u>:  All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date.  Given the requirements to "meet and confer," and notice

1  requirements, in most cases a planned motion to compel must be discussed with
2  opposing counsel at least six weeks before the cut-off.

3       5. <u>Written Discovery</u>: All interrogatories, requests for production of
4  documents, and requests for admissions must be served sufficiently in advance of
5  the discovery cut-off date to permit the discovering party enough time to
6  challenge (via motion practice) responses deemed to be deficient.

7       6. <u>Expert Discovery</u>: All disclosures must be made in writing. The parties
8  should begin expert discovery shortly after the initial designation of experts. The
9  final pretrial conference and trial dates will not be continued merely because
10  expert discovery is not completed. Failure to comply with these or any other
11  orders concerning expert discovery may result in the expert being excluded as a
12  witness.

13       C.    <u>LAW AND MOTION</u>

14       The Court has established a cut-off date for the <u>hearing</u> of motions. All
15  motions must be noticed so that the <u>hearing</u> takes place on or before the motion
16  cut-off date. Counsel are to provide chambers with conformed courtesy copies of
17  all documents. Courtesy copies should not be put in envelopes. Counsel should
18  consult the Court's Standing Order, previously provided, to determine the Court's
19  requirements concerning motions. A copy of the Standing Order is also available
20  on the Court's website at www.cacd.uscourts.gov>Judges' Procedures and
21  Schedules>Hon. Dale S. Fischer.

22       D.    <u>FINAL PRETRIAL CONFERENCE</u>

23       1. A final pretrial conference date has been set pursuant to Rule 16 of the
24  Federal Rules of Civil Procedure and Local Rule 16-7. Unless excused for good
25  cause, each party appearing in this action shall be represented at the final pretrial
26  conference by the attorney who is to have charge of the conduct of the trial on
27  behalf of such party. Counsel should be prepared to discuss streamlining the trial,
28  including presentation of testimony by deposition excerpts or summaries, time

1 limits, stipulations as to undisputed facts, and qualification of experts by admitted

2 resumes.

3     2. STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED.

4 THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL

5 REQUIREMENTS.  THIS COURT DOES NOT EXEMPT *PRO PER*

6 PLAINTIFFS FROM THE REQUIREMENTS OF RULE 16.  Carefully prepared

7 memoranda of contentions of fact and law, witness lists, a joint exhibit list, and a

8 proposed final pretrial conference order shall be submitted in accordance with the

9 Rules, and the format of the proposed final pretrial conference order shall

10 conform to the format set forth in Appendix A to the Local Rules.  Failure of

11 these documents to comply with these requirements may result in the final pretrial

12 conference being taken off-calendar or continued, or in other sanctions.

13     3. The memoranda of contentions of fact and law, witness lists and the

14 joint exhibit list are due not later than 21 days before the final pretrial conference,

15 and the proposed final pretrial conference order is to be lodged not later than

16 seven days before the final pretrial conference.

17     4. In addition to the requirements of Local Rule 16, the witness lists must

18 include a brief (one or two paragraph) description of the testimony, and a time

19 estimate for both direct and cross-examination (separately stated).

20     5. Other documents to be filed in preparation for, and issues to be

21 addressed at, the final pretrial conference are discussed below.

22     E.    SETTLEMENT PROCEDURES

23     A settlement procedure must be identified in every case pursuant to Local

24 Rule 16-14, et seq.  The Court will normally be guided by counsel's agreement as

25 to what procedure is appropriate for the case and when the optimum time for that

26 procedure is.  Counsel must, however, complete a settlement conference no later

27 than the date set by the Court at the scheduling conference.  Not to the exclusion

28 of other procedures, the following are available:

(1) a settlement conference before the magistrate judge assigned to the case;

(2) a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel;

(3) the employment (at the parties' expense) of a private judge, mediator, or arbitrator.

If a case is selected for the Mandatory ADR Program, the parties may choose option (3) instead. The parties may not choose option (1). Judge Fischer will hold a settlement conference at the request of the parties in cases with a trial estimate of more than four days.

No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

## II

## ADDITIONAL TRIAL PREPARATION

A.   MOTIONS *IN LIMINE*

All motions *in limine* must be filed at least three weeks before the final pretrial conference. Counsel are to meet and confer with opposing counsel to determine whether opposing counsel intends to introduce the disputed evidence, and to attempt to reach an agreement that would obviate the motion. Opposition must be filed ten days before the final pretrial conference. The Court will rule on motions *in limine* at the final pretrial conference. Motions in *limine* should address specific issues (i.e., *not* "to exclude all hearsay," etc.). Motions *in limine* should not be disguised motions for summary adjudication of issues.

B.   JURY INSTRUCTIONS, SPECIAL VERDICT FORMS, VOIR DIRE, JURY SELECTION

1. Fourteen days before the meeting of counsel required by Local Rule 16-2, plaintiff shall serve plaintiff's proposed jury instructions and special verdict

1  forms, and defendant shall serve defendant's proposed jury instructions and
2  special verdict forms as to any affirmative defenses, counterclaims, etc.  Within
3  ten days each shall serve objections to the other's instructions and verdict forms.
4  Before or at the Rule 16-2 meeting, counsel are ordered to meet and confer and
5  attempt to come to agreement on the proposed jury instructions and verdict forms.

6      2.  When the <u>Manual of Model Jury Instructions for the Ninth Circuit</u>
7  provides an applicable jury instruction, the parties should submit the most recent
8  version, modified and supplemented to fit the circumstances of this case.  Where
9  language appears in brackets, the appropriate language should be selected.  All
10  blanks should be completed.  Where California law applies, counsel should use
11  the current edition of <u>California Jury Instructions -- Civil</u> ("BAJI" or "CACI").  If
12  neither is applicable, counsel should consult the current edition of O'Malley, et
13  al., <u>Federal Jury Practice and Instructions</u>.  Each requested instruction shall (a)
14  cite the authority or source of the instruction, (b) be set forth in full, (c) be on a
15  separate page, (d) be numbered, (e) cover only one subject or principle of law,
16  and (f) not repeat principles of law contained in any other requested instruction.

17      3.  At the time of filing the proposed final pretrial conference order,
18  counsel shall file with the Court a JOINT set of jury instructions on which there is
19  agreement.  All blanks in standard forms should be filled in.  The Court expects
20  counsel to agree on the substantial majority of jury instructions, particularly when
21  pattern or model instructions provide a statement of applicable law.  If one party
22  fails to comply with the provisions of this section, the other party must file a
23  unilateral set of jury instructions, unless that party wishes to waive jury trial.

24      4.  At the same time, each party shall file its proposed jury instructions that
25  are objected to by any other party.  Each disputed instruction must have attached
26  a short (one or two paragraph) statement, including points and authorities in
27  support of the instruction as well as a brief statement, including points and
28  authorities, in support of any objections.  A proposed alternative instruction must

be provided, if applicable.  If the Court believes that there are so many disputed instructions that the trial would be unnecessarily interrupted in order for the Court to resolve disputes, the Court may determine that the matter is not yet ready to be tried, and may order counsel to continue to meet and confer until most of the disputes are resolved.

5. Counsel must provide the documents described in paragraphs 3 and 4 on a disk in WordPerfect 9 (or above) format at the time they file their proposed jury instructions.

6. The Court will send one or more copies of the instructions into the jury room for the jury's use during deliberations.  Therefore, in addition to the copies described above, the disk must contain a "clean" set of jury instructions, containing only the text of the instruction (one per page) with the caption "Jury Instruction No. __" at the top (eliminating titles, supporting authority, etc.).

7. Counsel must provide an index of all instructions submitted, which must include the following:

      a.  The number of the instruction;

      b.  The title of the instruction;

      c.  the source of the instruction and any relevant case citations;

      d.  The page number of the instruction.

For example:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark - Defined | 9th Cir.  15.3.2 | 7 |
| | (15 U.S.C. § 1127) | | |

8. **FAILURE TO FOLLOW THE PRECEDING PROVISIONS OF THIS SECTION WILL SUBJECT THE NON-COMPLYING PARTY AND/OR ATTORNEY TO SANCTIONS AND WILL BE DEEMED TO CONSTITUTE A WAIVER OF JURY TRIAL.**

9. During the trial and before argument, the Court will meet with counsel

revised 12-6-06                                       - 7 -

1  and settle the instructions, and counsel will have an opportunity to make a further

2  record concerning their objections.

3      10. At the time of filing the proposed final pretrial conference order,

4  counsel should file a jointly prepared one or two page statement of the case to be

5  read by the Court to the prospective panel of jurors before commencement of voir

6  dire.

7      11. The Court will conduct the voir dire. The Court provides a list of basic

8  questions, and may provide a list of additional questions to jurors before voir dire.

9  (This is not a questionnaire to be completed by jurors.) Counsel may, but are not

10  required to, submit a list of proposed case-specific voir dire questions at the time

11  they file the proposed final pretrial conference order.

12      12. The Court will inquire concerning whether serving on the jury would

13  create a substantial hardship, and may excuse jurors for that reason, before

14  beginning individual voir dire.

15      13. In most cases the Court will conduct its initial voir dire of 14

16  prospective jurors who will be seated in the jury box. Generally the Court will

17  select seven or eight jurors.

18      14. Each side will have three peremptory challenges. If fourteen jurors are

19  seated in the box and all six peremptories are exercised, the remaining eight

20  jurors will constitute the jury panel. If fewer than six peremptories are exercised,

21  the eight jurors in the lowest numbered seats will be the jury. The Court will not

22  necessarily accept a stipulation to a challenge for cause. If one or more

23  challenges for cause are accepted, and all six peremptories are exercised, the

24  Court may decide to proceed with six or seven jurors.

25      C.    TRIAL EXHIBITS

26      1. Counsel are to prepare their exhibits for presentation at the trial by

27  placing them in binders indexed by exhibit number with tabs or dividers on the

28  right side. Counsel shall submit to the Court an original and two copies of the

revised 12-6-06                    - 8 -

binders.  The exhibits shall be in three-ring binders labeled on the spine portion

of the binder as to the volume number <u>and</u> contain an index of each exhibit

included in the volume.  Exhibits must be numbered in accordance with Local

Rule 16.5.

2.  The Court requires that the following be submitted to the Courtroom

Deputy Clerk ("CRD") on the first day of trial:

a.  The binder of <u>original exhibits</u> with the Court's exhibit tags,

yellow tags for plaintiff and blue tags for defendant, stapled to the front of the

exhibit on the upper right-hand corner with the case number, case name, and

exhibit number placed on each tag.

b.  One binder with a copy of each exhibit tabbed with numbers as

described above for use by the Court, and one binder for the use of the CRD and

court reporter.  (Exhibit tags are not necessary on these copies.)

c.  Three copies of exhibit lists.

d.  Three copies of witness lists in the order in which the witnesses

may be called to testify.

3.  Where a significant number of exhibits will be admitted, the Court

encourages counsel, preferably by agreement, to consider ways in which

testimony about exhibits may be made intelligible to the jury while it is being

presented.  Counsel may consider such devices as overhead projectors, jury

notebooks for admitted exhibits, or enlargements of important exhibits.  The

Court has an Elmo and other equipment available for use during trial.  Call the

CRD if you wish to visit when the Court is not in session to practice using the

equipment.  The Court does not permit exhibits to be "published" by passing

them up and down the jury box.  Exhibits may be displayed using the screen in

the courtroom, only if the process does not become too time-consuming.

4.  All counsel are to meet not later than ten days before trial and to

stipulate, so far as is possible, to foundation, to waiver of the best evidence rule,

1  and to those exhibits that may be received into evidence at the start of the trial.

2  The exhibits to be so received will be noted on the extra copies of the exhibit

3  lists.

4      D.    <u>JURY TRIAL</u>

5      On the first day of trial, court will commence at 8:00 a.m. and conclude at

6  approximately 4:00 p.m. with the standard lunch break.  On the first day of trial

7  counsel must appear at 8:00 a.m. to discuss preliminary matters with the Court.

8  The jury panel will be called when the Court is satisfied that the matter is ready

9  for trial.  Jury selection usually takes only a few hours.  Counsel should be

10  prepared to proceed with opening statements and witness examination

11  immediately after jury selection.  After the initial day of trial, trial days are

12  Tuesday through Friday from 8:00 a.m. to 1:30 p.m. with two fifteen-minute

13  breaks, normally at 10:00 a.m. and 12:00 p.m.

14

15  **III**

16  **<u>CONDUCT OF ATTORNEYS AND PARTIES</u>**

17

18      A.    <u>OPENING STATEMENTS, EXAMINING WITNESSES, AND</u>

19      <u>SUMMATION</u>

20      1. Counsel must use the lectern for opening statements, examination of

21  witnesses, and summation.

22      2. Counsel must not consume time by writing out words, drawing charts or

23  diagrams, etc.  Counsel may do so in advance and explain that the item was

24  prepared earlier as ordered by the Court to save time.

25      3. The Court will honor (and may establish) reasonable time estimates for

26  opening and closing arguments, examination of witnesses, etc.

27      B.    <u>OBJECTIONS TO QUESTIONS</u>

28      1. Counsel must not use objections for the purpose of making a speech,

1   recapitulating testimony, or attempting to guide the witness.

2      2. When objecting, counsel must rise to state the objection and state only

3 that counsel objects and the legal ground of objection. If counsel wishes to argue

4 an objection further, counsel must ask for permission to do so.

5      C.    GENERAL DECORUM

6      1. Counsel should not approach the CRD or the witness box without

7 specific permission. If permission is given, counsel should return to the lectern

8 when their purpose has been accomplished. Counsel should not question a

9 witness at the witness stand.

10      2. Counsel should rise when addressing the Court, and when the Court or

11 the jury enters or leaves the courtroom.

12      3. Counsel should address all remarks to the Court. Counsel are not to

13 address the CRD, the court reporter, persons in the audience, or opposing

14 counsel. If counsel wish to speak with opposing counsel, counsel must ask

15 permission to do so. Any request for the re-reading of questions or answers shall

16 be addressed to the Court. Such requests should be limited. Requests may not be

17 granted.

18      4. Counsel should not address or refer to witnesses or parties by first

19 names alone. Young witnesses (under 14) may, however, be addressed and

20 referred to by first names.

21      5. Counsel must not offer a stipulation unless counsel has conferred with

22 opposing counsel and has verified that the stipulation will be acceptable.

23      6. While Court is in session, counsel must not leave counsel table to confer

24 with any personnel or witnesses in the back of the courtroom unless permission

25 has been granted in advance.

26      7. Counsel should not by facial expression, nodding, or other conduct

27 exhibit any opinion, adverse or favorable, concerning any testimony being given

28 by a witness. Counsel should admonish counsel's own clients and witnesses to

revised 12-6-06           - 11 -

1  avoid such conduct.

2      8.  Counsel should not talk to jurors at all, and should not talk to co-

3  counsel, opposing counsel, witnesses or clients where the conversation can be

4  overheard by jurors.  Each counsel should admonish counsel's own clients and

5  witnesses to avoid such conduct.

6      9.  Where a party has more than one lawyer, only one may conduct the

7  direct or cross-examination of a particular witness, or make objections as to that

8  witness.

9      D.    PROMPTNESS OF COUNSEL AND WITNESSES

10      1.  The Court makes every effort to begin proceedings at the time set.

11  Promptness is expected from counsel and witnesses.  Once counsel are engaged in

12  trial, this trial is counsel's first priority.  The Court will not delay the trial or

13  inconvenience jurors except under extraordinary circumstances.  The Court will

14  advise other courts that counsel are engaged in trial in this Court on request.

15      2.  If a witness was on the stand at a recess, counsel must have the witness

16  back on the stand, ready to proceed, when the court session resumes.

17      3.  If a witness was on the stand at adjournment, counsel must have the

18  witness adjacent to, but not on the stand, ready to proceed when the court session

19  resumes.

20      4.  Counsel must notify the CRD in advance if any witness should be

21  accommodated based on a disability or for other reasons.

22      5.  No presenting party may be without witnesses.  If counsel has no more

23  witnesses to call and there is more than a brief delay, the Court may deem that

24  party to have rested.

25      6.  The Court attempts to cooperate with professional witnesses and will,

26  except in extraordinary circumstances, accommodate them by permitting them to

27  be called out of sequence.  Counsel must anticipate any such possibility and

28  discuss it with opposing counsel.  If there is an objection, counsel must confer

revised 12-6-06                        - 12 -

with the Court in advance.

### E.    EXHIBITS

1. Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the CRD mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

4. Whenever in counsel's opinion a particular exhibit is admissible, it should be moved into evidence, unless tactical or other considerations dictate otherwise.

5. Counsel are to advise the CRD of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

6. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be asked to do the same.

7. Counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

### F.    DEPOSITIONS

1. All depositions to be used at trial, either as evidence or for impeachment, must be signed and lodged with the CRD on the first day of trial or such earlier date as the Court may order. Counsel should verify with the CRD that the relevant deposition is in the CRD's possession and is properly signed.

2.  In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

(a)  If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

(b)  If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved.  Then counsel may either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions.  Counsel should have an extra copy of the deposition for this purpose.

3.  Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions, or (b) have counsel read both the questions and answers.

G.    USING NUMEROUS ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer, and identifying the document from which it has been extracted.  Copies of this new document should be given to the Court and opposing counsel.  This procedure is intended to save time.

H.    ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel

1   must give the Court advance notice.  Counsel are directed to notify the CRD at
2   the day's adjournment if an unexpected legal issue arises that could not have been
3   foreseen and addressed by a motion *in limine*.  See Fed. R. Evid. 103.  Counsel
4   must also advise the CRD at the end of each trial day of any issues that must be
5   addressed outside the presence of the jury, so that there is no interruption of the
6   trial.  THE COURT WILL NOT KEEP JURORS WAITING.

7

8

9   *N.B.* **"COUNSEL," AS USED IN THIS ORDER, INCLUDES PARTIES**
10  **APPEARING *IN PROPRIA PERSONA*.**

11

12  IT IS SO ORDERED.

13

14

15  DATED: 12-7-07

16                                              Dale S. Fischer
                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

)  CASE NO.  CV        DSF(    x)
)
)
)
)
Plaintiff(s),      )
)
vs.                          )      **EXHIBIT LIST**
)
)
)      *SAMPLE FORMAT*
)
Defendant(s).     )
)

| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---------|-------------|------------|----------|
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |

FINAL JOINT TRIAL WITNESS ESTIMATE FORM

CASE: _____

TRIAL DATE: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| | TOTAL ESTIMATES THIS PAGE: | | | | |

Instructions:

(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident" or "expert on standard of care;" (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour, e.g., if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column, e.g., "Needs interpreter;" (5)

Entries may be in handwriting if very neat and legible.